**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

**McMANIMON, SCOTLAND
& BAUMANN, LLC**

75 Livingston Avenue, 2nd Floor
Roseland, New Jersey 07068
(973) 622-1800
Richard D. Trenk, Esq.
Joshua H. Raymond, Esq.
*Attorneys for Allstate New Jersey Insurance
Company and Related Entities*

**Order Filed on September 28, 2020**

**by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

STEPHEN J. CONTE, JR.,

    Debtor.

Case No.  18-29278 (JKS)

Chapter 11

Hearing Date: September 15, 2020
Hearing Time: 10:00 a.m.

<u>**DISCOVERY CONFIDENTIALITY ORDER**</u>

The relief set forth on the following pages numbered two (2) through eight (8), is hereby **ORDERED**.

**DATED: September 28, 2020**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)

Debtor:         Stephen J. Conte, Jr.
Case No.:       18-29278 (JKS)
Caption:        Discovery Confidentiality Order
_____

It appearing that discovery in the above-captioned action is likely to involve the disclosure

of confidential information, it is ORDERED as follows:

1.      Any party to this litigation and any third-party shall have the right to designate as

"Confidential" and subject to this Order any information, document, or thing, or portion of any

document or thing:  (a) that contains trade secrets, competitively sensitive technical, marketing,

financial, sales or other confidential business information, or (b) that contains private or

confidential personal information, or (c) that contains information received in confidence from

third parties, (d) any documents which any governmental agency has requested  that the parties

keep confidential[1] or (e) which the producing party otherwise believes in good faith to be entitled

to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule

5.3.  Any party to this litigation or any third party covered by this Order, who produces or discloses

any Confidential material, including without limitation any information, document, thing,

interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or

similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY

CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      Any party to this litigation and any third-party shall have the right to designate as

"Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion

of any document or thing that contains highly sensitive business or personal information, the

disclosure of which is highly likely to cause significant harm to an individual or to the business or

competitive position of the designating party.  Any party to this litigation or any third party who is

---

[1] To the extent any such assertion is made, the party's counsel shall certify that he/she was in
direct communication with an authorized representative of the governmental agency.

4813-7972-3724, v. 1

(Page 3)

| | |
|---|---|
| Debtor: | Stephen J. Conte, Jr. |
| Case No.: | 18-29278 (JKS) |
| Caption: | Discovery Confidentiality Order |

_____

covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.       All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

4.       Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a.       Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b.       Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

4813-7972-3724, v. 1

(Page 4)

Debtor:            Stephen J. Conte, Jr.
Case No.:          18-29278 (JKS)
Caption:           Discovery Confidentiality Order
_____

c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.    The Court and court personnel;

e.    Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g.    The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5.    Confidential material shall be used only by individuals permitted access to it under Paragraph 4.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the

4813-7972-3724, v. 1

(Page 5)

Debtor:          Stephen J. Conte, Jr.
Case No.:        18-29278 (JKS)
Caption:         Discovery Confidentiality Order
_____

party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such

disclosure.

6.      With respect to any depositions that involve a disclosure of Confidential material

of a party to this action, such party shall have until thirty (30) days after receipt of the deposition

transcript within which to inform all other parties that portions of the transcript are to be designated

Confidential, which period may be extended by agreement of the parties.  No such deposition

transcript shall be disclosed to any individual other than the individuals described in Paragraph

4(a), (b), (c), (d) and (f) above and the deponent during these thirty (30) days, and no individual

attending such a deposition shall disclose the contents of the deposition to any individual other

than those described in Paragraph 4(a), (b), (c), (d) and (f) above during said thirty (30) days.  Upon

being informed that certain portions of a deposition are to be designated as Confidential, all parties

shall immediately cause each copy of the transcript in its custody or control to be appropriately

marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

7.      Material produced and marked as Attorneys' Eyes Only may be disclosed only to

outside counsel for the receiving party and to such other persons as counsel for the producing party

agrees in advance or as Ordered by the Court.

8.      If counsel for a party receiving documents or information designated as Confidential

or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the

following procedure shall apply:

(a)      Counsel for the objecting party shall serve on the designating party or third

party a written objection to such designation, which shall describe with particularity the documents

or information in question and shall state the grounds for objection.  Counsel for the designating

4813-7972-3724, v. 1

(Page 6)

| | |
|---|---|
| Debtor: | Stephen J. Conte, Jr. |
| Case No.: | 18-29278 (JKS) |
| Caption: | Discovery Confidentiality Order |

_____

party or third party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If Counsel for the designating party asserts that he/she is not able to respond to the objection within 14 days because they are waiting for guidance from a governmental agency, they shall advise the objecting party in writing and either party may seek guidance from the Court via telephonic application on notice to the other party. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

9.     All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3.

10.     If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

11.     To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether

4813-7972-3724, v. 1

(Page 7)

Debtor:          Stephen J. Conte, Jr.
Case No.:        18-29278 (JKS)
Caption:         Discovery Confidentiality Order
_____

the information, document or thing was so designated at the time of disclosure, shall not be deemed

a waiver in whole or in part of a party's claim of confidentiality, either as to the specific

information, document or thing disclosed or as to any other material or information concerning the

same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by

notifying in writing counsel for all parties to whom the material was disclosed that the material

should have been designated Confidential within a reasonable time after disclosure. Such notice

shall constitute a designation of the information, document or thing as Confidential under this

Discovery Confidentiality Order.

12.    When the inadvertent or mistaken disclosure of any information, document or thing

protected by privilege or work-product immunity is discovered by the producing party and brought

to the attention of the receiving party, the receiving party's treatment of such material shall be in

accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken

disclosure of such information, document or thing shall not by itself constitute a waiver by the

producing party of any claims of privilege or work-product immunity.  However, nothing herein

restricts the right of the receiving party to challenge the producing party's claim of privilege if

appropriate within a reasonable time after receiving notice of the inadvertent or mistaken

disclosure.

13.    No information that is in the public domain or which is already known by the

receiving party through proper means or which is or becomes available to a party from a source

other than the party asserting confidentiality, rightfully in possession of such information on a non-

confidential basis, shall be deemed or considered to be Confidential material under this Discovery

Confidentiality Order.

4813-7972-3724, v. 1

(Page 8)

Debtor:          Stephen J. Conte, Jr.
Case No.:        18-29278 (JKS)
Caption:         Discovery Confidentiality Order
_____

14.     This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.     This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Notwithstanding anything to the contrary contained herein, any documents obtained independent of the pending Rule 2004 Subpoenas shall not be subject to the provisions herein.  To the extent the receiving party receives a subpoena, court order or other lawful process, which requires the production of any designated documents, the receiving party shall be authorized to comply upon three (3) business days' notice to the designating party.

16.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material and to destroy, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Discovery Confidentiality Order.  To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

4813-7972-3724, v. 1

## EXHIBIT A

| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, 2nd Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Richard D. Trenk, Esq.<br>Joshua H. Raymond, Esq.<br>*Attorneys for Allstate New Jersey Insurance Company and Related Entities* |

In re:                                                          Case No.  18-29278 (JKS)

STEPHEN J. CONTE, JR.,                          Chapter 11

              Debtor.

## AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER

I, _____ , being duly sworn, state that:

    1.   My address is _____ .

    2.   My present employer is _____ and the address of my present employment is _____ .

    3.   My present occupation or job description is _____.

    4.   I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

    5.   I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.    I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.    No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____

[Name]

219366534v1

4813-7972-3724, v. 1

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 18-29278-JKS |
| Stephen J. Conte, Jr. | Chapter 11 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 3 |
| Date Rcvd: Sep 29, 2020 | Form ID: pdf903 | Total Noticed: 2 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
           regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 01, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Stephen J. Conte, Jr., 395 North Farview Avenue, Paramus, NJ 07652 |
| aty | + | Norgaard O'Boyle, 184 Grand Ave, Englewood, NJ 07631-3578 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 01, 2020                    Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 29, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian Gregory Hannon | on behalf of Debtor Stephen J. Conte  Jr. bhannon@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com;dtakach@norgaardfirm.com |
| Cassandra C. Norgaard | on behalf of Defendant Stephen J. Conte  Jr. cnorgaard@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com |
| Denise E. Carlon | on behalf of Creditor Morgan Stanley Mortgage Loan Trust 2007-1XS  U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor US Bank National Association  As Successor Trustee to Bank of America, National Association (Successor |

District/off: 0312-2                              User: admin                                     Page 2 of 3
Date Rcvd: Sep 29, 2020                          Form ID: pdf903                                  Total Noticed: 2

by Merger to Lasalle Bank National Association) As Trustee for Morgan Stanley Mortgage Loan Trust
dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Gavin Stewart
                    on behalf of Creditor Specialized Loan Servicing  LLC, as servicing agent for Morgan Stanley Mortgage Loan Trust
                    bk@stewartlegalgroup.com

Jeffrey Thomas Testa
                    jtesta@mccarter.com  J118@ecfcbis.com,lrestivo@mccarter.com,agreen@mccarter.com

Jerrold S. Kulback
                    on behalf of Debtor Stephen J. Conte  Jr. jkulback@archerlaw.com, chansen@archerlaw.com

John O'Boyle
                    on behalf of Attorney Norgaard  O'Boyle & Hannon joboyle@norgaardfirm.com,
                    sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
                    on behalf of Defendant Stephen J. Conte  Jr. joboyle@norgaardfirm.com,
                    sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
                    on behalf of Plaintiff Stephen J. Conte  Jr. joboyle@norgaardfirm.com,
                    sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
                    on behalf of Debtor Stephen J. Conte  Jr. joboyle@norgaardfirm.com,
                    sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

Joshua H. Raymond
                    on behalf of Plaintiff Allstate New Jersey Insurance Company jraymond@msbnj.com

Joshua H. Raymond
                    on behalf of Plaintiff Allstate Property and Casualty Insurance Company jraymond@msbnj.com

Joshua H. Raymond
                    on behalf of Plaintiff Allstate Insurance Company jraymond@msbnj.com

Joshua H. Raymond
                    on behalf of Plaintiff Allstate New Jersey Property jraymond@msbnj.com

Joshua H. Raymond
                    on behalf of Plaintiff Allstate Indemnity Company jraymond@msbnj.com

Joshua H. Raymond
                    on behalf of Creditor Allstate Insurance Company jraymond@msbnj.com

Michael A. Artis
                    on behalf of U.S. Trustee U.S. Trustee michael.a.artis@usdoj.gov

Michael S. Horn
                    on behalf of Debtor Stephen J. Conte  Jr. mhorn@archerlaw.com

Rebecca Ann Solarz
                    on behalf of Creditor Morgan Stanley Mortgage Loan Trust 2007-1XS  U.S. Bank National Association, as Trustee, successor in
                    interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank rsolarz@kmllawgroup.com

Richard D. Trenk
                    on behalf of Defendant Allstate Insurance Company and Related Entities rtrenk@msbnj.com  cdeangelis@msbnj.com

Richard D. Trenk
                    on behalf of Creditor Allstate Insurance Company rtrenk@msbnj.com  cdeangelis@msbnj.com

Richard D. Trenk
                    on behalf of Plaintiff Allstate Insurance Company rtrenk@msbnj.com  cdeangelis@msbnj.com

Richard D. Trenk
                    on behalf of Plaintiff Allstate New Jersey Insurance Company rtrenk@msbnj.com  cdeangelis@msbnj.com

Richard D. Trenk
                    on behalf of Plaintiff Allstate Indemnity Company rtrenk@msbnj.com  cdeangelis@msbnj.com

Richard D. Trenk
                    on behalf of Plaintiff Allstate Property and Casualty Insurance Company rtrenk@msbnj.com  cdeangelis@msbnj.com

Richard D. Trenk
                    on behalf of Plaintiff Allstate New Jersey Property rtrenk@msbnj.com  cdeangelis@msbnj.com

Ryan T. Jareck
                    on behalf of Trustee Jeffrey Thomas Testa rjareck@coleschotz.com  fpisano@coleschotz.com

Seth L. Dobbs
                    on behalf of Debtor Stephen J. Conte  Jr. sdobbs@aboylaw.com, TJANNICELLI@ABOYOUNDOBBS.COM

District/off: 0312-2                             User: admin                                    Page 3 of 3
Date Rcvd: Sep 29, 2020                    Form ID: pdf903                              Total Noticed: 2

U.S. Trustee
                          USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 30