| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**COLE SCHOTZ P.C.**<br>Ryan T. Jareck, Esq.<br>Court Plaza North<br>25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>Facsimile:  (201) 489-1536<br>*Attorneys for Jeffrey Testa,*<br>*Chapter 11 Trustee* | Order Filed on April 15, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>STEPHEN J. CONTE, JR.,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 18-29278 (JKS) |

## CONSENT ORDER FOR MEDIATION

The relief set forth on the following pages numbered two (2) through eight (8) are hereby **ORDERED**.

**DATED: April 15, 2021**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

**THIS MATTER,** having been brought before the Court by and among (i) Stephen J. Conte, Jr. (the "**Debtor**") on behalf of himself and any business entity in which he has an ownership interest, including Rochamus Medical Equipment, Inc., and 396 Medical Management Corp.; (ii) Stephen J. Conte, Sr. ("**Dr. Conte**") on behalf of himself and any business entity in which he has an ownership interest; (iii) Allstate Insurance Company ("**Allstate**") and (iv) Jeffrey Testa, Chapter 11 trustee for the Debtor (the "**Trustee**").  The Debtor, Dr. Conte, Allstate and the Trustee are collectively referred to herein as the "**Parties**" and each a "**Party**,"  and the parties having agreed on the terms set forth herein, as appears from the signatures of counsel affixed hereto.

## RECITALS

A. On September 28, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 13, which case (the "**Chapter 11 Case**") was subsequently converted to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). United States Bankruptcy Judge, Hon. John K. Sherwood was assigned to the Chapter 11 Case and has presided over the Chapter 11 Case since the Petition Date.

B. The Parties have engaged in settlement discussions seeking to resolve some or all outstanding disputes in the Chapter 11 Case.  The Parties have asked Judge Donald H. Steckroth (retired) to act as a mediator to assist the Parties in mediation, and Judge Steckroth has agreed to act as a mediator (the "**Mediator**").

C. Judge Steckroth is Of Counsel to Cole Schotz P.C., which represents the Trustee in this Chapter 11 Case.

61576/0001-40524981v1

NOW, THEREFORE, in consideration of the foregoing, and notwithstanding anything to the contrary in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Bankruptcy Rules for the District of New Jersey:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Parties consent to mediation, which shall be non-binding on the Parties, unless the Parties agree otherwise.

2. The Parties consent to Judge Steckroth acting as the Mediator, notwithstanding the fact that he is Of Counsel to Cole Schotz P.C., which represents the Trustee in this Chapter 11 Case. To the extent a potential conflict of interest exists, such conflict of interest is hereby waived by the Parties.

3. Each Party, individually and on behalf of its agents, representatives, professionals, successors and assigns, and any entity in which it has a controlling ownership interest, forever waives any objection to Judge Steckroth serving as a mediator in this Chapter 11 Case.

4. Each Party further agrees, individually and on behalf of its agents, representatives, professionals, successors and assigns, and any entity in which it has a controlling ownership interest, that the fact of Judge Steckroth serving as the Mediator and any statements he makes in his capacity as the Mediator and any information (whether written or oral) that he or Cole Schotz P.C. learns during mediation shall not be a conflict, a basis for an objection to a motion, a motion seeking affirmative relief, an appeal of any order or judgment, a motion for reconsideration of any order or judgment, or any similar relief or otherwise preclude Cole Schotz P.C. from representing the Trustee's interests in this Chapter 11 Case and in any proceeding before the

Bankruptcy Court, the United States District Court, the United States Court of Appeals, or any other court or tribunal.

5. Each Party further agrees, individually and on behalf of its agents, representatives, professionals, successors and assigns, and any entity in which it has a controlling ownership interest, and forever waives the right (if any) to seek the disqualification of Cole Schotz P.C. as counsel to the Trustee as a result of Judge Steckroth serving as the Mediator in this Chapter 11 Case.

6. Each of the Parties, for itself and for its agents, representatives, professionals, successors and assigns and any entity in which the Party has a controlling ownership interest, agrees that it shall not file any claim, cause of action, lawsuit, administrative proceeding, or disciplinary proceeding in any federal or state court or administrative agency against Judge Steckroth or Cole Schotz P.C. in connection with Judge Steckroth serving as the Mediator in this Chapter 11 Case.

7. The Debtor and Dr. Conte agree that only expenses incurred by Vestibula Diagnostics, P.A. ("**Vestibula**") in the ordinary course of business shall be satisfied by Vestibula while the Parties are mediating the outstanding disputes in this Chapter 11 Case until the filing of the Local Form Mediation Report (as defined below); provided, however, in no event shall ordinary course disbursements (including credit card charges) for any month exceed $150,000.00[1] (the "**Vestibula Cap**") without the prior written consent of the Trustee. The Parties agree that ordinary course of business expenses shall include the fees and expenses of

---

[1] Any applicable taxes shall be satisfied when such taxes become due.

The Law Offices of Richard J. Corbi PLLC, McDonnell Crowley LLC and/or any accountant retained by Dr. Conte, which shall not be counted against the Vestibula Cap.

8. Commencing on the date of entry of this Consent Order, and no later than the seventh day of each month, Vestibula, Rochamus Medical Equipment, Inc., 396 Medical Management Corp. and Open MRI of Rochelle Park shall provide monthly reports to the Trustee setting forth the ordinary course business expenses incurred (including credit card charges) in the previous month and the balance of all funds held by Vestibula with a copy of all bank statements and cancelled checks (front and back).

9. The Parties agree that no admission is being made herein concerning the ownership and/or control of any companies owned and controlled by the Debtor and Conte Sr. and all Parties reserve all rights in connection therewith.

10. All pending discovery shall be stayed until the filing of the Local Form Mediation Report.

11. Allstate's retained professionals in this Chapter 11 Case shall use reasonable good faith efforts to refrain from any and all activities, within their control, that could reasonably potentially impact businesses in which Dr. Conte maintains an ownership interest in during the duration of the Mediation contemplated within this Consent Order. Dr. Conte, the Debtor and their related businesses, shall refrain from any and all activities and statements, that may be damaging to Allstate during the duration of the Mediation contemplated within this Consent Order.

12. D.N.J. LBR 9019-1 and 9019-2 shall govern the mediation process between the Parties. Promptly upon entry of this Consent Order, the Parties must contact the Mediator to schedule the organizational telephone conference required by D.N.J. LBR 9019-2(d).

13. The scheduling and location of all mediation sessions will be determined by the Mediator; however, the mediation must commence not later than 30 days after the entry of this Consent Order, unless extended by further court Order. The mediation shall conclude not later than 45 days after the commencement of mediation. Unless prevailing conditions have changed to a degree sufficient in the Mediator's reasonable determination to permit in-person mediation proceedings, the Mediation shall be conducted through Zoom or equivalent online audio-visual applications, <u>provided however</u>, nothing in this paragraph shall prohibit nor require any Party or their representative or counsel who has received the COVID-19 vaccine from attending the mediation proceedings in-person. If any fully vaccinated person attends the mediation proceedings in person, then such Party shall comply with all COVID-19 CDC guidelines.

14. The Parties to the Mediation shall mediate in good faith.

15. Representatives of each Party with authority to negotiate a settlement must attend the Mediation.

16. There shall be an absolute mediation privilege, and all written and oral communications made or submitted by or on behalf of the Parties in any medium during or in connection with the mediation shall be confidential, protected from disclosure, and shall not constitute a waiver of any existing privileges and immunities. Such communications may not be disclosed to any third party for any reason other than in connection with the mediation, as may

be directed or permitted by the Mediator, and may not be used for any purpose other than for the Mediation.

17. The Mediator will be compensated at the rate of $750.00 per hour. The Debtor's estate and Dr. Conte, Sr. are responsible for the Mediator's fees, which shall be paid 50% by the estate and 50% by Dr. Conte, Sr. The fee is due not later than thirty (30) days after the filing of the Local Form Mediation Report, unless separate application is required under D.N.J. LBR 9019-1.

18. The Mediator has the right to terminate this mediation at any time, for any reason, by providing written notice to counsel for all Parties. The Trustee has the right to terminate this mediation if the Trustee determines in his business judgment that the Vestibula Cap has been exceeded.

19. Not later than seven (7) days after the conclusion of the mediation, the Mediator shall file the Local Form mediation report showing compliance or noncompliance by the Parties and a general statement of whether the mediation was successful or unsuccessful (the "**Local Form Mediation Report**"). The results of the Mediation will not be disclosed except in an action to enforce the provisions of any written settlement executed by the Parties reached during the Mediation.

20. This Consent Order is intended by the Parties to be binding upon their successors, agents, and assigns, and any of their parent, subsidiary and/or affiliated entity.

21. The sanctions available under Fed. R. Civ. 16(f) (made applicable by Fed. R. Bankr. P. 7016) shall apply to any violation of this Consent Order.

61576/0001-40524981v1

22. The Bankruptcy Court shall retain exclusive jurisdiction over any and all matters in connection with this Consent Order.

*The undersigned hereby consent to*
*the form and entry of the within Order:*

STEPHEN J. CONTE, JR.                          DR. STEPHEN CONTE

/s/ Stephen J. Conte, Jr.                              /s/ Dr. Stephen Conte

ALLSTATE INSURANCE COMPANY          JEFFREY TESTA, CHAPTER 11 TRUSTEE

/s/ Michael Gallagher
                                                                    /s/ Jeffrey Testa

61576/0001-40524981v1

United States Bankruptcy Court

District of New Jersey

In re:  
Stephen J. Conte, Jr.  
    Debtor

Case No. 18-29278-JKS  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-2     User: admin     Page 1 of 3  
Date Rcvd: Apr 16, 2021     Form ID: pdf903     Total Noticed: 2

The following symbols are used throughout this certificate:  
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 18, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Stephen J. Conte, Jr., 395 North Farview Avenue, Paramus, NJ 07652 |
| aty | + Norgaard O'Boyle, 184 Grand Ave, Englewood, NJ 07631-3578 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 18, 2021     Signature:     /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 16, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Brian Gregory Hannon | on behalf of Debtor Stephen J. Conte  Jr. bhannon@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com;dtakach@norgaardfirm.com |
| Brian Thomas Crowley | on behalf of Interested Party Stephen J. Conte  Sr. bcrowley@mchfirm.com, bcrowley@mcdonnellcrowley.com |
| Cassandra C. Norgaard | on behalf of Defendant Stephen J. Conte  Jr. cnorgaard@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com |
| Denise E. Carlon | on behalf of Creditor US Bank National Association  As Successor Trustee to Bank of America, National Association (Successor by Merger to Lasalle Bank National Association) As Trustee for Morgan Stanley Mortgage Loan Trust dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |

Case 18-29278-JKS    Doc 306    Filed 04/18/21    Entered 04/19/21 00:21:00    Desc
Imaged Certificate of Notice    Page 11 of 12

| District/off: 0312-2 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Apr 16, 2021 | Form ID: pdf903 | Total Noticed: 2 |

Denise E. Carlon
    on behalf of Creditor Morgan Stanley Mortgage Loan Trust 2007-1XS  U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Gavin Stewart
    on behalf of Creditor Specialized Loan Servicing  LLC, as servicing agent for Morgan Stanley Mortgage Loan Trust bk@stewartlegalgroup.com

Jeffrey Thomas Testa
    jtesta@mccarter.com J118@ecfcbis.com,lrestivo@mccarter.com,agreen@mccarter.com

Jerrold S. Kulback
    on behalf of Debtor Stephen J. Conte  Jr. jkulback@archerlaw.com, chansen@archerlaw.com

John O'Boyle
    on behalf of Plaintiff Stephen J. Conte  Jr. joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
    on behalf of Attorney Norgaard  O'Boyle & Hannon joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
    on behalf of Defendant Stephen J. Conte  Jr. joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
    on behalf of Debtor Stephen J. Conte  Jr. joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John Michael McDonnell
    on behalf of Interested Party Stephen J. Conte  Sr. jmcdonnell@mchfirm.com, NJ95@ecfcbis.com,bcrowley@mchfirm.com

Joshua H. Raymond
    on behalf of Plaintiff Allstate New Jersey Insurance Company jraymond@msbnj.com

Joshua H. Raymond
    on behalf of Plaintiff Allstate Property and Casualty Insurance Company jraymond@msbnj.com

Joshua H. Raymond
    on behalf of Plaintiff Allstate Insurance Company jraymond@msbnj.com

Joshua H. Raymond
    on behalf of Plaintiff Allstate New Jersey Property jraymond@msbnj.com

Joshua H. Raymond
    on behalf of Plaintiff Allstate Indemnity Company jraymond@msbnj.com

Joshua H. Raymond
    on behalf of Creditor Allstate Insurance Company jraymond@msbnj.com

Michael A. Artis
    on behalf of U.S. Trustee U.S. Trustee michael.a.artis@usdoj.gov

Michael S. Horn
    on behalf of Debtor Stephen J. Conte  Jr. mhorn@archerlaw.com

Rebecca Ann Solarz
    on behalf of Creditor Morgan Stanley Mortgage Loan Trust 2007-1XS  U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank rsolarz@kmllawgroup.com

Richard D. Trenk
    on behalf of Defendant Allstate Insurance Company and Related Entities rtrenk@msbnj.com cdeangelis@msbnj.com;fsanchez@msbnj.com

Richard D. Trenk
    on behalf of Creditor Allstate Insurance Company rtrenk@msbnj.com  cdeangelis@msbnj.com;fsanchez@msbnj.com

Richard D. Trenk
    on behalf of Plaintiff Allstate Indemnity Company rtrenk@msbnj.com  cdeangelis@msbnj.com;fsanchez@msbnj.com

Richard D. Trenk
    on behalf of Plaintiff Allstate Insurance Company rtrenk@msbnj.com  cdeangelis@msbnj.com;fsanchez@msbnj.com

Richard D. Trenk
    on behalf of Plaintiff Allstate New Jersey Insurance Company rtrenk@msbnj.com  cdeangelis@msbnj.com;fsanchez@msbnj.com

Richard D. Trenk
    on behalf of Plaintiff Allstate Property and Casualty Insurance Company rtrenk@msbnj.com cdeangelis@msbnj.com;fsanchez@msbnj.com

Richard D. Trenk

| | |
|---|---|
| | on behalf of Plaintiff Allstate New Jersey Property rtrenk@msbnj.com  cdeangelis@msbnj.com;fsanchez@msbnj.com |
| Ryan T. Jareck | on behalf of Trustee Jeffrey Thomas Testa rjareck@coleschotz.com  fpisano@coleschotz.com |
| Seth L. Dobbs | on behalf of Debtor Stephen J. Conte  Jr. sdobbs@aboylaw.com, TJANNICELLI@ABOYOUNDOBBS.COM |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 32