**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1

**COLE SCHOTZ P.C.**

Ryan T. Jareck, Esq.

rjareck@coleschotz.com

Court Plaza North

25 Main Street

Hackensack, New Jersey 07601

(201) 489-3000

(201) 489-1536 (Facsimile)

*Counsel for Chapter 11 Trustee*

Order Filed on August 10, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

STEPHEN J. CONTE, JR.,

Debtor.

Chapter 11

Case No. 18-29278 (JKS)

Hearing Date and Time: August 10, 2021, at 10:00 a.m.

Judge: John K. Sherwood

**ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF <u>PROCEDURES FOR VOTING ON THE PLAN</u>**

        The relief set forth on the following pages, numbered two (2) through eighteen (18), is hereby **ORDERED**.

**DATED: August 10, 2021**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

61576/0001-41103481v2

(Page 2)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

**THIS MATTER** having been opened to the Court by Jeffrey Testa, in his role as Chapter 11 trustee (the "**Chapter 11 Trustee**") for Stephen J. Conte, Jr. (the "**Debtor**"), upon a motion (the "**Motion**")[1] for entry of an Order: (a) conditionally approving the Disclosure Statement for solicitation purposes only, (b) scheduling a joint hearing to determine the adequacy of the Disclosure Statement and confirmation of the Chapter 11 Trustee's Plan of Reorganization; (c) approving notice and objection procedures with respect to the adequacy of the Disclosure Statement and Plan confirmation; (d) fixing a record date for voting and procedures for temporary allowance of claims, (e) approving solicitation packages and distribution thereof, and (f) approving the form of ballots and establishment of procedures for voting on the Plan; and the Chapter 11 Trustee having filed the Disclosure Statement and Plan on July 30, 2021 [Docket Nos. 330 and 331], and notice of the Motion having been provided in accordance with the Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice entered by the Court;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(Page 3)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

and the Court having considered the Motion, the arguments of counsel, if any, and objections, to the Motion, if any; and it appearing that the relief requested in the Motion is appropriate in the context of this case and is in the best interests of the Debtor and his estate, creditors, and all other parties-in-interest; and the Court finding adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor; and for other good cause shown,

**IS FOUND THAT:**

A. **Ballots Approved.** The form of ballot attached to the Motion as **Exhibit C** (singularly a "**Ballot**" and collectively, the "**Ballots**") for Class 3 and Class 4 is sufficiently consistent with Official Form 314 and adequately addresses the particular needs of this Chapter 11 case and is appropriate for the class of claims entitled under the Plan to vote to accept or reject the Plan.

(Page 4)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

B. **Reasonable Period for Solicitation.** The period set forth below during which the Chapter 11 Trustee may solicit acceptances to the Plan is a reasonable period of time for creditors to make an informed decision whether to accept or reject the Plan.

C. **Voting Procedures Fair and Equitable.** The procedures for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with Section 1126 of the Bankruptcy Code.

D. **Notice Procedures Sufficient.** The procedures set forth below regarding notice (the "**Joint Hearing Notice**" defined further herein) to all creditors of the time, date, and place of the hearing to consider the adequacy of the Disclosure Statement and confirmation of the Plan and the contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

  **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as provided herein.

(Page 5)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

2.     **Conditional Approval of First Amended Disclosure Statement for Solicitation**.  The Chapter 11 Trustee's Disclosure Statement is conditionally approved for solicitation purposes only.

3.     **Joint Hearing Scheduled.**  Pursuant to Fed. R. Bankr. P. 3017(a) and (d) and 11 U.S.C. § 105(d)(2)(B)(v) and (vi), a joint hearing (the "**Joint Hearing**") to consider the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held before the Honorable John K. Sherwood, United States Bankruptcy Judge, Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102 on **September 14, 2021**, **at 10:00 a.m.**, prevailing Eastern Time.

4.     **Service of the Disclosure Statement and the Plan.**  In conjunction with paragraph 8, infra, within three (3) business days after entry of this Order, the Chapter 11 Trustee shall mail, by regular first class mail, copies of this Order, together with the Disclosure Statement, the Plan, and appropriate ballot or notice, as described further herein, to:

    (a)     the Office of the United States Trustee;

(Page 6)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

---

(b)     all governmental units (federal, state and local) having jurisdiction over the Debtor, including, without limitation, all applicable taxing authorities (including the U.S. Internal Revenue Service);

(c)     all persons known to the Chapter 11 Trustee as the holder of a claim or potential claim;

(d)     all persons and entities requesting notice pursuant to Bankruptcy Rule 2002;

(e)     all parties to executory contracts and unexpired leases of the Debtor;

(f)     all parties to any litigation with the Debtor;

(g)     the Securities and Exchange Commission; and

(h)     other parties-in-interest as provided for by Fed. R. Bankr. P. 3017(d).

5.     **Objections to Adequacy of First Amended Disclosure Statement or Confirmation of Plan.**  Objections to the adequacy of the Disclosure Statement or to confirmation of the Plan must:

(a)     be in writing;

(Page 7)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

(b)    state the name and address of the objecting party and the nature of the claim or interest of such party;

(c)    state with particularity the basis and nature of any objection;

(d)    be filed with the Court either (i) electronically or (ii) conventionally, as noted below:

(i)    <u>Electronic Filing</u>: if the filer is an attorney who regularly practices before the Bankruptcy Court and who is in possession of passwords and logins to both PACER and the Bankruptcy Court's Electronic Case Filing System, electronic filing must be in accordance with the Bankruptcy Court's General Order Regarding Electronic Means for Filing, Signing and Verification of Documents dated March 27, 2002 and the Commentary Supplementing Administrative Procedures dated as of March 2004 (each of which can be found at www.njb.uscourts.gov); or

(ii)    <u>Conventional Filing</u>: the filer must send the objection by mail, courier, or messenger to the Clerk's Office at the following address: Office of the Clerk of the

(Page 8)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

Bankruptcy Court, 50 Walnut Street, 3rd Floor, Newark, New Jersey 07102; the hard copy of the objection should be accompanied by a diskette containing the objection in Portable Document Format (PDF) format;

(e)     be filed together with proof of service upon counsel to the Chapter 11 Trustee, Cole Schotz P.C., Court Plaza North, 25 Main Street, P.O. Box 800, Hackensack, New Jersey 07601 (Telephone No. 201-489-3000), Attention:  Ryan T. Jareck, Esq.; and

(f)     be filed with the Court and received by each of counsel to the Chapter 11 Trustee **on or before 5:00 p.m. (prevailing Eastern Time) on September 7, 2021**.  Objections to adequacy of the Disclosure Statement or to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered and shall be deemed overruled.

6.     **Record Date.**  The record date (the "**Record Date**") for purposes of determining creditors entitled to vote on the Plan, or in the case of non-voting classes, to receive the Notice of Non-Voting Status (as defined below) shall be August 1, 2021.

61576/0001-41103481v2

(Page 9)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

7.     **Ballots**.  The Ballots are approved.

8.     **Solicitation Packages.**  Within three (3) business days after the date hereof, the

Chapter 11 Trustee shall mail solicitation packages in hard copy (the "**Solicitation Packages**")

containing a copy of (a) this Order, (b) the Joint Hearing Notice, attached to the Motion as

**Exhibit A**, and (c) the Disclosure Statement (with the Plan annexed thereto as Exhibit A),

together with, as applicable, (i) a Ballot (and a self-addressed return envelope) to holders, as of

the Record Date, of claims in Class 3 and Class 4, which classes are entitled to vote to accept or

reject the Plan, excluding holders of disputed claims; or (ii) a Notice of Non-Voting Status (as

defined below), as applicable, to (A) all persons or entities identified in the Debtor's schedules of

assets and liabilities required to be filed pursuant to Section 521 of the Bankruptcy Code and

Bankruptcy Rule 1007, and all amendments and modifications thereto through and including the

Record Date (the "**Schedules**") as holding liquidated, noncontingent, and undisputed claims, in

an amount greater than zero, (B) all parties having filed proofs of claims in an amount greater

than zero or notices of transfers of claims in the Debtor's chapter 11 case, (C) any other known

61576/0001-41103481v2

(Page 10)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

holders of claims against the Debtor in an amount greater than zero or equity interests in the Debtor as of the Record Date, (D) all parties listed on the Schedules for noticing purposes only, (E) holders of disputed claims, who are not entitled to vote, (F) unimpaired classes, and (G) the U.S. Trustee.

9.    **Additional Notices.**  The following notices shall also accompany the Solicitation Packages, where appropriate:

(a)    **Joint Hearing Notice – All Creditors and Parties-in-Interest.**  A Joint Hearing Notice, substantially in the same form as that annexed to the Motion as **Exhibit A** is approved and may be distributed to all creditors.  The Joint Hearing Notice provides notice of the time, place, and date of the Joint Hearing, notice of all objection procedures, and notice that while the Court shall consider the adequacy of the Disclosure Statement and confirmation of the Plan at the Joint Hearing, the Joint Hearing may be continued from time to time by the Court or the Debtor without further notice or through adjournments announced in open court.

61576/0001-41103481v2

(Page 11)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

(b)      **Non-Voting Status Notice**.  A "Notice of Non-Voting Status,"

substantially in the same form as that annexed to the Motion as **Exhibit B**, is approved and shall

be distributed to: (i) all known holders of claims on the Record Date in the non-voting Classes,

and (ii) all parties listed on the Schedules for noticing purposes only.

10.      **Voting Deadline**.  All Ballots must be properly executed, completed, and

returned to Debtor's counsel, Cole Schotz, P.C., Court Plaza North, 25 Main Street, Hackensack,

New Jersey 07601, Attn: Ryan T. Jareck, Esq., (a) by first-class mail, in the return envelope

provided with each Ballot, (b) by overnight courier, or (c) by personal delivery, so that such

Ballots are received by Chapter 11 Trustee's counsel **no later than 5:00 p.m. (prevailing**

**Eastern Time) on September 10, 2021** (the "**Voting Deadline**").

11.      **Voting and Tabulation Procedures.**  Solely for purposes of voting to accept or

reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim,

and without prejudice to the rights of the Chapter 11 Trustee in any other context, each claim

(Page 12)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

---

within a class of claims entitled to vote to accept or reject the Plan is temporarily allowed in an amount equal to the amount of such Claim as set forth in the Schedules, provided that:

(a)     if a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(b)     if a claim is listed in the Schedules and a proof of claim subsequently was filed in an amount that is liquidated, non-contingent, and undisputed, such claim is temporarily allowed in the liquidated, non-contingent and undisputed amount set forth on the proof of claim, unless such claim is disputed as set forth in subparagraph (d) below;

(c)     if a timely filed proof of claim is for wholly contingent or unliquidated amounts, such claim shall be entitled to vote in the amount of $1.00;

(d)     if a claim is listed in the Schedules as contingent, unliquidated, or in an amount of $0.00 and a proof of claim was not (i) filed by the applicable bar date for the filing of proofs of claim established by the Court or (ii) deemed timely filed by an Order of the Court

(Page 13)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

---

prior to the Voting Deadline, unless the Chapter 11 Trustee has consented in writing, such claim is disallowed for voting purposes;

(e)     if (i) a claim is listed in the Schedules as disputed or (ii) the Chapter 11 Trustee has served an objection, complaint, or request for estimation as to a claim, such claim shall be disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, complaint, or request for estimation;

(f)     claims filed for $0.00 are not entitled to vote;

(g)     if a proof of claim has been amended by a later filed proof of claim, the later filed amending claim will be entitled to vote, and the earlier filed amended claim will be disallowed for voting purposes regardless of whether the Chapter 11 Trustee has objected to such amended claim;

61576/0001-41103481v2

(Page 14)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

(h)     separate claims held by a single creditor in a particular class shall be aggregated (based on the reasonable efforts of the Chapter 11 Trustee) as if such creditor held one claim against the Debtor in the aggregate amount of such claims; and

(i)     notwithstanding anything herein to the contrary, the Chapter 11 Trustee may agree (subject to a contrary Order of the Court) to waive any defects or irregularities of a particular Ballot, either before or after the Voting Deadline and any such waivers shall be documented with the Court before the Joint Hearing.

12.     **Claimant Challenges to Claim Amount for Voting Purposes**.

(a)     If any claimant seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such claimant is directed to serve on the Debtor and to file with the Court (with a copy to chambers) a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan so that the motion can be heard on or prior to the Joint

(Page 15)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

Hearing, provided, however, that the Chapter 11 Trustee must be afforded at least three (3) business days to file a response to the motion.

(b)     As to any creditor filing a motion pursuant to Bankruptcy Rule 3018(a), such creditor's Ballot shall not be counted unless temporarily allowed for voting purposes, after notice and a hearing, by way of an Order entered by the Court on or prior to the Joint Hearing.

13.     **Additional Voting Procedures**.

(a)     If a creditor casts more than one Ballot voting the same claim before the Voting Deadline, the last Ballot received before the Voting Deadline is deemed to reflect the voter's intent and shall supersede any prior Ballots.

(b)     Each creditor that votes to accept or reject the Plan is deemed to have voted the full amount of its claim.

(c)     Creditors must vote all of their claims within a particular class under the Plan to either accept or reject the Plan and may not split their vote(s); a Ballot that partially accepts and partially rejects the Plan shall be counted as an acceptance of the Plan.

61576/0001-41103481v2

(Page 16)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

(d)    Any Ballot that is properly completed, executed, and timely returned, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted.

(e)    Subject to paragraph 11 of this Order, the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected: (a) any Ballot received after the Voting Deadline; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (d) any unsigned Ballot; (e) any Ballot that fails to contain an original signature; and (f) any Ballot transmitted by Facsimile or other electronic means, unless the Chapter 11 Trustee waives this requirement and elects, in its discretion, to accept alternate means of transmission or delivery of any Ballot.

14.    **Certification of Balloting.**  The Chapter 11 Trustee's counsel shall prepare and file, in accordance with Local Bankruptcy Rule 3018-2, a certification of balloting (the

61576/0001-41103481v2

(Page 17)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

"**Certification of Balloting**") that summarizes, under penalty of perjury, both the numbers and amounts of acceptances and rejections in each voting class, and certifies to the timely filing of the counted Ballots.

15.    **Chapter 11 Trustee's Authorization.**

(a)    The Chapter 11 Trustee is authorized, in his sole discretion, to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

(b)    The Chapter 11 Trustee is authorized to make non-substantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package prior to their mailing.

(Page 18)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No.: | 18-29278 (JKS) |
| Caption of Order: | ORDER (A) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (B) SCHEDULING A JOINT HEARING TO CONSIDER THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF REORGANIZATION; (C) APPROVING NOTICE AND OBJECTION PROCEDURES WITH RESPECT TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND PLAN CONFIRMATION; (D) FIXING A RECORD DATE FOR VOTING AND PROCEDURES FOR TEMPORARY ALLOWANCE OF CLAIMS; (E) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF; AND (F) APPROVING THE FORM OF BALLOTS AND ESTABLISHMENT OF PROCEDURES FOR VOTING ON THE PLAN |

16.     **Sufficient Notice.**  The notice to be provided pursuant to the procedures set forth herein constitutes good and sufficient notice to all parties in interest and no other or further notice need be provided.

61576/0001-41103481v2

United States Bankruptcy Court

District of New Jersey

In re:                                                                               Case No. 18-29278-JKS

Stephen J. Conte, Jr.                                                                Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                          User: admin                                    Page 1 of 3

Date Rcvd: Aug 11, 2021                       Form ID: pdf900                              Total Noticed: 2

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 13, 2021:**

| Recip ID | | Recipient Name and Address |
|----------|---|----------------------------|
| db | | Stephen J. Conte, Jr., 395 North Farview Avenue, Paramus, NJ 07652 |
| intp | + | Stephen J. Conte, Sr., 400 North Farview Ave., Paramus, NJ 07652-4619 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 13, 2021           Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 11, 2021 at the address(es) listed below:**

| Name | Email Address |
|------|---------------|
| Brian Gregory Hannon | on behalf of Debtor Stephen J. Conte  Jr. bhannon@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com;dtakach@norgaardfirm.com |
| Cassandra C. Norgaard | on behalf of Defendant Stephen J. Conte  Jr. cnorgaard@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com |
| Denise E. Carlon | on behalf of Creditor Morgan Stanley Mortgage Loan Trust 2007-1XS  U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor US Bank National Association  As Successor Trustee to Bank of America, National Association (Successor |

District/off: 0312-2                           User: admin                           Page 2 of 3
Date Rcvd: Aug 11, 2021                        Form ID: pdf900                       Total Noticed: 2

|  |  |
|---|---|
|  | by Merger to Lasalle Bank National Association) As Trustee for Morgan Stanley Mortgage Loan Trust dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Gavin Stewart | on behalf of Creditor Specialized Loan Servicing  LLC, as servicing agent for Morgan Stanley Mortgage Loan Trust bk@stewartlegalgroup.com |
| Jeffrey Thomas Testa | jtesta@mccarter.com  J118@ecfcbis.com,lrestivo@mccarter.com,agreen@mccarter.com |
| Jerrold S. Kulback | on behalf of Debtor Stephen J. Conte  Jr. jkulback@archerlaw.com, chansen@archerlaw.com |
| John O'Boyle | on behalf of Attorney Norgaard  O'Boyle & Hannon joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com |
| John O'Boyle | on behalf of Defendant Stephen J. Conte  Jr. joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com |
| John O'Boyle | on behalf of Plaintiff Stephen J. Conte  Jr. joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com |
| John O'Boyle | on behalf of Debtor Stephen J. Conte  Jr. joboyle@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com |
| Joshua H. Raymond | on behalf of Plaintiff Allstate New Jersey Insurance Company jraymond@msbnj.com |
| Joshua H. Raymond | on behalf of Plaintiff Allstate Property and Casualty Insurance Company jraymond@msbnj.com |
| Joshua H. Raymond | on behalf of Plaintiff Allstate Insurance Company jraymond@msbnj.com |
| Joshua H. Raymond | on behalf of Plaintiff Allstate New Jersey Property jraymond@msbnj.com |
| Joshua H. Raymond | on behalf of Plaintiff Allstate Indemnity Company jraymond@msbnj.com |
| Joshua H. Raymond | on behalf of Creditor Allstate Insurance Company jraymond@msbnj.com |
| Michael A. Artis | on behalf of U.S. Trustee U.S. Trustee michael.a.artis@usdoj.gov |
| Michael S. Horn | on behalf of Debtor Stephen J. Conte  Jr. mhorn@archerlaw.com |
| Rebecca Ann Solarz | on behalf of Creditor Morgan Stanley Mortgage Loan Trust 2007-1XS  U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank rsolarz@kmllawgroup.com |
| Richard D. Trenk | on behalf of Defendant Allstate Insurance Company and Related Entities rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law |
| Richard D. Trenk | on behalf of Creditor Allstate Insurance Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law |
| Richard D. Trenk | on behalf of Plaintiff Allstate Insurance Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law |
| Richard D. Trenk | on behalf of Plaintiff Allstate New Jersey Insurance Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law |
| Richard D. Trenk | on behalf of Plaintiff Allstate Indemnity Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law |
| Richard D. Trenk | on behalf of Plaintiff Allstate Property and Casualty Insurance Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law |
| Richard D. Trenk | on behalf of Plaintiff Allstate New Jersey Property rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law |
| Ryan T. Jareck | on behalf of Trustee Jeffrey Thomas Testa rjareck@coleschotz.com  fpisano@coleschotz.com |
| Seth L. Dobbs | on behalf of Debtor Stephen J. Conte  Jr. sdobbs@aboylaw.com, TJANNICELLI@ABOYOUNDOBBS.COM |

District/off: 0312-2       User: admin       Page 3 of 3

Date Rcvd: Aug 11, 2021       Form ID: pdf900       Total Noticed: 2

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 30