Order Filed on September 15, 2021

by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **COLE SCHOTZ P.C.**<br>Ryan T. Jareck, Esq.<br>Court Plaza North<br>25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>Facsimile:  (201) 489-1536<br>Email:  rjareck@coleschotz.com<br>*Counsel to Chapter 11 Trustee,*<br>*Jeffrey T. Testa* | |

| In re: | Case No.: | 18-29278 (JKS) |
|---|---|---|
| | Judge: | Hon. John K. Sherwood |
| STEPHEN J. CONTE, JR., | Chapter: | 11 |
| Debtor. | Hearing Date:<br>Hearing Time: | September 14, 2021<br>10:00 a.m. (ET) |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

The relief set forth on the following pages, numbered two (2) through twenty-nine (29), is hereby **ORDERED.**

**DATED: September 15, 2021**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

Jeffrey T. Testa, in his capacity as Chapter 11 trustee (the "**Chapter 11 Trustee**") for

Stephen J. Conte, Jr. (the "**Debtor**") in the above-captioned chapter 11 case (the "**Chapter 11**

**Case**"), having:

a.  Filed a Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code on August 3, 2021 [D.I. 330] (the "**Plan**");

b.  Filed a Disclosure Statement for the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code on August 3, 2021 [D.I. 331] (the "**Disclosure Statement**");

c.  Pursuant to the Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Confirmation Hearing Notice; and (IV) Granting Related Relief entered by the Court (defined below) on August 10, 2021 [D.I. 340] (the "**Interim Approval and Scheduling Order**"), distributed a package (the "**Notice Package**") containing (i) the Disclosure Statement, the Plan, and all exhibits thereto; (ii) a copy of the Interim Approval and Scheduling Order; and (iii) the Confirmation Hearing Notice to all creditors, interest holders, and all parties requesting notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on August 11, 2021; and

d.  Filed the Declaration of Jeffrey T. Testa in Support of Confirmation of the Plan (the "**Testa Declaration**");

The United States Bankruptcy Court for the District of New Jersey (the "**Court**") having:

a.  Entered the Interim Approval and Scheduling Order on August 10, 2021, which set the deadline to object to the Plan and final approval of the Disclosure Statement as September 7, 2021 at 5:00 p.m. (ET), and scheduled a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan for September 14, 2021 at 10:00 a.m. (ET) (the "**Confirmation Hearing**"); and

(Page 3)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

 e. Reviewed the Plan, the Disclosure Statement, and all other pleadings, exhibits, statements, affidavits, declarations, certifications, and comments regarding confirmation of the Plan, including all objections, statements, and reservations of rights made with respect thereto, if any;

 f. Considered all oral representations, testimony, documents, filings, and other evidence regarding final approval of the Disclosure Statement and Confirmation of the Plan;

 g. Held the Confirmation Hearing at which it heard the statements, arguments, and objections, if any, made by counsel and parties-in-interest with respect to final approval of the Disclosure Statement and confirmation of the Plan;

 h. Overruled any and all objections to final approval of the Disclosure Statement, the Plan and confirmation thereof, and all statements and reservations of rights not consensually resolved or withdrawn unless otherwise indicated in this Confirmation Order or on the record at the Confirmation Hearing; and

 i. Taken judicial notice of the papers and pleadings in the Chapter 11 Case.

**NOW, THEREFORE**, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party-in-interest to object to final approval of the Disclosure Statement and confirmation of the Plan have been adequate and appropriate as to all entities affected or to be affected by the Disclosure Statement, the Plan, and the transactions contemplated thereby, that the legal and factual bases set forth in the documents filed in support of final approval of the Disclosure Statement and confirmation of the Plan presented at the Confirmation Hearing establish just cause for the relief granted herein, and that after due deliberation thereon and good cause shown, the Court hereby makes and issues the following findings of facts, conclusions of laws, and orders:

(Page 4)
Debtor:               STEPHEN J. CONTE, JR.
Case No.              18-29278 (JKS)
Order Caption:        FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
                      APPROVING THE DISCLOSURE STATEMENT ON A FINAL
                      BASIS, AND (II) CONFIRMING THE PLAN OF
                      REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
                      BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
                      PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I.    General Findings and Conclusions

A.    <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and on the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction and Venue</u>. The Court has jurisdiction over the Debtor's Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference of the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2021 (Simandle, C.J.). Approval of the Disclosure Statement and confirmation of the Plan constitute a core proceeding pursuant to 28 U.S.C. § 157(b) with the Court having jurisdiction to enter a final order with respect thereto consistent with Article III of the United States Constitution. Venue before the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    <u>Commencement of this Chapter 11 Case</u>. On September 28, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 13, which case was subsequently converted to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

(Page 5)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

D.    <u>Appointment of Chapter 11 Trustee</u>.  On September 21, 2020, Allstate New Jersey Insurance Company ("**Allstate**") filed a motion to appoint a Chapter 11 trustee [Docket No. 151] (the "**Motion to Appoint Trustee**").  The Motion to Appoint Trustee was granted by the Court on August 20, 2020 [Docket No. 168].  On August 24, 2020, the Office of the United States Trustee for the District of New Jersey appointed Jeffrey T. Testa as the Chapter 11 Trustee [Docket No. 173].

E.    <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case maintained by the Clerk of the Court, including all pleadings and other documents filed, all order entered, and all evidence and arguments made, proffered, or adduced at hearings held before the Court in connection with the Debtor's Chapter 11 Case;

F.    <u>Burden of Proof</u>. The Chapter 11 Trustee, as proponent of the Plan, has the burden of proving the applicable elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence. The Chapter 11 Trustee has met his burden with respect to each applicable element of section 1129 of the Bankruptcy Code. Each witness who testified at or in connection with the Confirmation Hearing was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

**II.    <u>Adequacy of the Disclosure Statement</u>**

H.    <u>The Disclosure Statement</u>. The Disclosure Statement contains extensive material information regarding the Debtor sufficient to allow creditors and parties-in-interest to make informed decisions regarding the Plan. Additionally, the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and complies

61576/0001-41426624v2

(Page 6)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

with any additional requirements of the Bankruptcy Code, the Bankruptcy Rules, and applicable

non-bankruptcy law. Specifically, but without limitation, the Disclosure Statement complies with

the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and

conspicuous bold language the provisions of the Plan that provide for releases and exculpation

and sufficiently identifies the persons and entities that are subject to the releases and exculpation.

The use of the Disclosure Statement to inform creditors and parties-in-interest of the details of

the Plan was authorized by the Interim Approval and Scheduling Order and was appropriate.

## III.    Service and Notice

I.    Service and Solicitation. Each of the Plan, the Disclosure Statement, and

the Confirmation Hearing Notice, were transmitted and served in compliance with the

Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules of the United

States Bankruptcy Court for the District of New Jersey (the "**Local Rules**"), and the Interim

Approval and Scheduling Order. The transmittal and service of the Plan, the Disclosure

Statement, and the Confirmation Hearing Notice were timely, adequate, and sufficient under the

circumstances. The Chapter 11 Trustee was not required to solicit votes from Holders of Claims

or Interests in Secured Tax Claim (Class 1), Priority Non-Tax Claims (Class 2) and Interests

(Class 5), as these Classes of Claims and Interests are Unimpaired under the Plan, and thus, the

Holders of such Claims or Interests are deemed to have accepted the Plan. The Chapter 11

Trustee was required to solicit votes from Holders of Claims or Interests in General Unsecured

Claim of Allstate (Class 3) and General Unsecured Claim Other than Allstate (Class 4), which

(Page 7)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

Classes are Impaired under the Plan and the Chapter 11 Trustee served a ballot on such creditors and solicited votes from such Holders of Claims.

        J.    <u>Notice</u>. All parties required to be given notice of the Confirmation Hearing, including the deadline for filing and serving objections to confirmation of the Plan, were served with the Confirmation Hearing Notice and have been given due, proper, timely, and adequate notice in accordance with the Interim Approval and Scheduling Order, and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable non-bankruptcy law, rule, or regulation, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice or solicitation is required.

        K.    <u>Releases and Exculpation</u>. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases, settlement, compromises, and exculpations set forth in Article III.F of the Plan and implemented by this Confirmation Order, are fair, equitable, reasonable, supported by sufficient and valuable consideration, and in the best interests of the Debtor, its Estate, Creditors, and Interest holders. The releases are fair, warranted, necessary, appropriate, and supported by the facts and the circumstances of this Chapter 11 Case and are consistent with sections 105, 1123(b)(6), and 1129 of the Bankruptcy Code and applicable law in this jurisdiction. The record of the Confirmation Hearing and this Chapter 11 Case is sufficient to support the settlements, releases, and exculpations provided for in Article III.F of the Plan.

    **IV.**    **<u>Compliance with the Requirements of Section 1129 of the Bankruptcy Code</u>**

(Page 8)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

A.    <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>. The

Plan complies with the applicable provisions of the Bankruptcy Code and, as required by

Bankruptcy Rule 3016, the Plan is dated and identifies the Chapter 11 Trustee as the proponent

of the Plan, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

i.    <u>Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1))</u>. With the

exception of Administrative Claims (including Professional Fee Claims) and Priority Tax

Claims, which need not be classified, Article IV of the Plan classifies five (5) Classes of Claims

against and Interests in the Debtor. The Claims and Interests placed in each Class are

substantially similar to the other Claims and Interests, as the case may be, in each such Class.

Valid business, factual, and legal reasons exist for separately classifying the various Classes of

Claims and Interests created under the Plan, and such Classes do not unfairly discriminate

between Holders of Claims and Interests. Accordingly, the Plan satisfies sections 1122 and

1123(a)(1) of the Bankruptcy Code.

ii.    <u>Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2))</u>. Article

IV.C of the Plan specifies that Claims or Interests in Secured Tax Claim (Class 1), Priority Non-

Tax Claims (Class 2) and Interests (Class 5) (collectively, the "**Unimpaired Classes**") are

Unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, thereby

satisfying section 1123(a)(2) of the Bankruptcy Code.

iii.    <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.

Article IV.C of the Plan specifies that Claims in General Unsecured Claim of Allstate (Class 3)

(Page 9)

Debtor:               STEPHEN J. CONTE, JR.

Case No.              18-29278 (JKS)

Order Caption:        FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
                      APPROVING THE DISCLOSURE STATEMENT ON A FINAL
                      BASIS, AND (II) CONFIRMING THE PLAN OF
                      REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
                      BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
                      PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

and General Unsecured Claim Other than Allstate (Class 4) (collectively, the "**Impaired**

**Classes**") are Impaired under the Plan within the meaning of section 1124 of the Bankruptcy

Code, and entitled to vote on the Plan, thereby satisfying section 1123(a)(3) of the Bankruptcy

Code.

        iv.      <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for

the same treatment for each Claim or Interest in each respective Class thereby satisfying section

1123(a)(4) of the Bankruptcy Code.

        v.      <u>Adequate Means for Plan Implementation (11 U.S.C. §</u>

<u>1123(a)(5))</u>. The Plan provides adequate and proper means for the implementation of the Plan,

including, without limitation, that the Plan will be funded by cash on hand held by the Chapter

11 Trustee, a cash contribution from Dr. Stephen Conte ("**Dr. Conte**"), the Debtor's father and

Plan Sponsor, and the Debtor's post-petition and post-confirmation income. Accordingly, the

Plan satisfies section 1123(a)(5) of the Bankruptcy Code.

        vi.      <u>Prohibition of Issuance of Non-Voting Securities (11 U.S.C. §</u>

<u>1123(a)(6))</u>. The Debtor does not propose to issue any non-voting equity securities under the

Plan and therefore section 1123(a)(6) of the Bankruptcy Code does not apply.

        vii.      <u>Designation of Officers, Directors, or Trustees (11 U.S.C. §</u>

<u>1123(a)(7))</u>. The Plan does not select, appoint, or designate any new officers, directors, or

trustees, and therefore section 1123(a)(7) of the Bankruptcy Code does not apply.

(Page 10)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

viii.  Earnings from Personal Services (11 U.S.C. § 1123(a)(8)). The Debtor is contributing a significant amount of his income towards the payment of creditors under the Plan and, therefore, section 1123(a)(8) of the Bankruptcy Code is satisfied.

ix.  Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1)). As permitted by section 1123(b)(1) of the Bankruptcy Code, all Claims and Interests specified in the Plan are either Impaired or Unimpaired as set forth in Article IV of the Plan.

x.  Assumption and Rejection of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)). As permitted by section 1123(b)(2) of the Bankruptcy Code, upon the Effective Date, all executory contracts and unexpired leases not assumed by Court Order shall be deemed to be rejected. The Chapter 11 Trustee has exercised reasonable business judgment in determining to reject all executory contracts and unexpired leases under the Plan. The rejection of each executory contract and unexpired lease under the Plan shall be binding on the Debtor and each non-Debtor party to each such executory contract and unexpired lease.

xi.  Settlement/Retention of Claims or Interests (11 U.S.C. § 1123(b)(3)). The entry of this Confirmation Order constitutes the Court's approval of all the compromises and settlements embodied in the Plan, including, but not limited to, the Settlement Agreement, and the Court's finding shall constitute its determination that such compromises and settlements are in the best interests of the Debtor, its Estate, and all Holders of Claims and Interests, and are fair, equitable, and well within the range of reasonableness. In concluding that

(Page 11)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

the compromises and settlements contained in the Plan, including, but not limited to, the

Settlement Agreement, are substantively fair, the Court considered the following factors: (a) the

probability of success of potential litigation compared to the benefit of such compromises and

settlements; (b) the likelihood of complex and protracted litigation and the risk and difficulty of

collection on judgment; (c) the proportion of creditors and parties-in-interest that support the

compromises and settlements; (d) the competency of counsel; and (e) the extent to which the

compromises and settlements are the product of arm's length negotiations. The Court finds that

each of these factors weigh in favor of approving the compromises and settlements embodied in

the Plan, including, but not limited to, the Settlement Agreement.

xii.    Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). As permitted

by section 1123(b)(6) of the Bankruptcy Code, the Plan includes other appropriate provisions not

inconsistent with the applicable provisions of the Bankruptcy Code, including, without

limitations, certain release and exculpation provisions in Article VI of the Plan. Based upon the

facts and circumstances of the Debtor's Chapter 11 Case, the release and exculpation provisions

in the Plan, including the releases set forth in Article VI.B of the Plan, are fair, equitable, and

reasonable; are supported by sufficient and valuable consideration; are an integral component of

compromises and settlement underlying the Plan; are necessary for the realization of value for

stakeholders, are the product of extensive arm's length negotiations or based on consent; were

necessary to the formation of the consensus embodied in the Plan documents; are in the best

interests of the Debtor, its Estate, Creditors, and Interests Holders; and are, in light of the

(Page 12)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

foregoing, appropriate. Accordingly, based upon the record in the Debtor's Chapter 11 Case, the representations of the parties, and the evidence proffered or adduced at the Confirmation Hearing, the Court finds that the release and exculpation provisions set forth in Article VI of the Plan are consistent with the Bankruptcy Code and applicable law and are appropriate under the circumstances.

N.    The Plan's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)). Except as otherwise provided for or permitted by order of the Court, the Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, the requirements of section 1129(a)(1) of the Bankruptcy Code are satisfied.

O.    Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)). Except as otherwise provided for or permitted by order of the Court, the Chapter 11 Trustee, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Approval and Scheduling Order in connection with the Plan, the Disclosure Statement, the Confirmation Hearing Notice, and all related documents. Accordingly, the requirements of section 1129(a)(2) of the Bankruptcy Code are satisfied.

P.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Chapter 11 Trustee has proposed the Plan, including all documents necessary to effectuate the Plan, including the Settlement Agreement, in good faith and not by any means forbidden by law,

Debtor:                STEPHEN J. CONTE, JR.
Case No.               18-29278 (JKS)
Order Caption:         FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
                       APPROVING THE DISCLOSURE STATEMENT ON A FINAL
                       BASIS, AND (II) CONFIRMING THE PLAN OF
                       REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
                       BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
                       PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

thereby satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code. The Chapter

11 Trustee's good faith is evident from the facts and record of the Debtor's Chapter 11 Case, the

Disclosure Statement, the Testa Declaration filed in support of Confirmation, and the record of

the Confirmation Hearing and other proceedings held in this Chapter 11 Case. The Plan itself and

the process leading to its formulation provide independent evidence of the Chapter 11 Trustee's

good faith and assures fair treatment of Holders of Claims and Interests. The Plan was proposed

with the legitimate and honest purpose of maximizing the value of the Debtor's Estate and

maximizing distributions to all Creditors and Interest Holders. Further, the Plan's classification,

exculpation and release provisions have been negotiated in good faith and at arm's length

consistent with sections 105, 1122, 1223(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy

Code, and are integral to the Plan and supported by valuable consideration.

Q.     Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).

Any payment made or to be made by the Debtor, or any other person issuing securities or

acquiring property under the Plan, for services or for costs and expenses in or in connection with

the Debtor's Chapter 11 Case, or in connection with the Plan and incident to this Chapter 11

Case, has been approved by, or shall be subject to the approval of, the Court as reasonable.

Accordingly, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

R.     Directors, Officers and Successors (11 U.S.C. § 1129(a)(5)). The Plan

does not appoint any new officers or directors of the Debtor. Upon the Effective Date, the Debtor

(Page 14)

Debtor:                    STEPHEN J. CONTE, JR.
Case No.                   18-29278 (JKS)
Order Caption:             FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
                           APPROVING THE DISCLOSURE STATEMENT ON A FINAL
                           BASIS, AND (II) CONFIRMING THE PLAN OF
                           REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
                           BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
                           PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

shall become the Reorganized Debtor. Accordingly, the Plan satisfies the requirements of section

1129(a)(5) of the Bankruptcy Code.

S.    No Rate Changes (11 U.S.C. § 1129(a)(6)). The Plan does not provide for

any rate changes over which a governmental regulatory commission has jurisdiction.

Accordingly, section 1129(a)(6) of the Bankruptcy Code is not applicable in this Chapter 11

Case.

T.    Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). The evidence

proffered or adduced at the Confirmation Hearing concerning the "best interests of creditors" is

(i) persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes

that each Holder of a Claim or Interest under the Plan is (x) unimpaired and therefore deemed to

have accepted the Plan or (y) will receive or retain under the Plan on account of such Claim,

property of a value, as of the Effective Date, that is not less than the amount that such Holder

would receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code.

The recovery on Claims pursuant to the Plan is significantly in excess of those that would be

available if the Debtor were liquidated pursuant to chapter 7 and, therefore, the Plan satisfies the

requirements of section 1129(a)(7) of the Bankruptcy Code.

U.    Acceptance of the Plan (11 U.S.C. § 1129(a)(8)). Claims in Class 1

(Secured Tax Claims), Class 2 (Non-Tax Priority Claim), and Class 5 (Interests) are Unimpaired

under the Plan and are conclusively presumed to have accepted the Plan without the solicitation

of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code.  Claims in Class

| Debtor: | STEPHEN J. CONTE, JR. |
|---|---|
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

3 (Allstate) are Impaired yet Allstate has voted in favor of the Plan.  Accordingly, the Plan

satisfies the requirements of section 1129(a)(8)(B) of the Bankruptcy Code.

V.      Treatment of Administrative Claims, Priority Tax Claims, and Other

Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of Claims under the Plan of the type

specified in sections 507(a)(1) through 507(a)(8) of the Bankruptcy Code, if any, complies with

the provisions of section 1129(a)(9) of the Bankruptcy Code because Article IV of the Plan

provides that: (i) each Holder of an Allowed Administrative Claim (except with respect to

Professional Fee Claims, which shall be paid upon Final Order or allowance by the Court) shall

be paid in full in Cash on the Effective Date, (ii) each Holder of an Allowed Priority Tax Claim

shall receive the present value of such claim in deferred cash payments, over a period not

exceeding five years from the Petition Date.  Accordingly, the Plan satisfies the requirements of

section 1129(a)(9) of the Bankruptcy Code.

W.      Impaired Classes (11 U.S.C. § 1129(a)(10)). At least one Class of Claims

that is Impaired under the Plan has accepted the Plan, determined without including any

acceptance of the Plan by any insider.  Therefore, section 1129(a)(10) of the Bankruptcy Code is

satisfied.

X.      Feasibility (11 U.S.C. § 1129(a)(11)). The information in the Disclosure

Statement, the Testa Declaration, and the evidence proffered or adduced at the Confirmation

Hearing (i) is persuasive and credible; (ii) has not been controverted by other evidence; and (iii)

establishes that the Plan is feasible and there is a reasonable prospect of the Debtor being able to

(Page 16)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

meet its financial obligations under the Plan and Confirmation of the Plan is not likely to be

followed by the need for liquidation or further financial reorganization of the Debtor.

Accordingly, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

Y.     Payment of Fees (11 U.S.C. § 1129(a)(12)). Pursuant to Article IV.B.1 of

the Plan, all statutory fees due and owing to the United States Trustee prior to the Effective Date

shall be paid by the Chapter 11 Trustee on the Effective Date. Accordingly, the Plan satisfies the

requirements of section 1129(a)(12) of the Bankruptcy Code.

Z.     No Unfair Discrimination and Fair and Equitable Treatment (11 U.S.C. §

1129(b)). All of the applicable requirements of section 1129(a) of the Bankruptcy Code have

been met other than section 1129(a)(8) of the Bankruptcy Code.  Notwithstanding the foregoing,

the Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of

Claims or Interests that is Impaired under, and has not accepted, the Plan. The evidence

supporting the Plan proffered or adduced by the Chapter 11 Trustee at, or prior to, or in

declarations filed in connection with, the Confirmation Hearing regarding the Chapter 11

Trustee's classification and treatment of Claims (a) is reasonable persuasive, credible, and

accurate; (b) utilizes reasonable and appropriate methodologies and assumptions; and (c) has not

been controverted by other credible evidence.

AA.     Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan that was

brought to the Court for confirmation of the Debtor's Chapter 11 Case. Accordingly, section

1129(c) of the Bankruptcy Code does not apply to this Chapter 11 Case or the Plan.

(Page 17)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

BB.     Principle Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental entity has objected to the confirmation of the Plan on any such grounds. Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

CC.     Non-Applicability of Certain Sections of the Bankruptcy Code (11 U.S.C. §§1123(c), 1129(a)(13), (14) and (16), 1129(e)). The Debtor does not owe any domestic support. The Debtor has no obligation to pay for retiree benefits and is neither a nonprofit corporation nor a "small business." Accordingly, sections 1123(c), 1129(a)(13), (14) and (16), and 1129(e) of the Bankruptcy Code do not apply.

DD.     Distribution of Disposable Income (11 U.S.C. § 1129(a)(15)).  In the event a holder of an allowed unsecured claim objects to confirmation of the Plan, the Plan satisfies section 1129(a)(15) of the Plan because (A) the value, as of the Effective Date of the Plan, of the property to be distributed under the Plan on account of such claim is not less than the amount of such claim, or (B) the value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Plan, or during the period for which the Plan provides payments, whichever is longer.

EE.     Modifications of the Plan (11 U.S.C. § 1127). The modifications made to the Plan since it was transmitted to all Creditors, Interest Holders, and other parties requesting

(Page 18)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

notice pursuant to Bankruptcy Rule 2002, if any, do not constitute changes that materially or

adversely change the treatment of any Claims or Interests and do not require additional

disclosure under section 1125 of the Bankruptcy Code or a solicitation of acceptances or

rejections of the Plan under section 1126 of the Bankruptcy Code. Accordingly, the Chapter 11

Trustee has complied in all respects with section 1127 of the Bankruptcy Code and Bankruptcy

Rule 3019.

      FF.   Satisfaction of Confirmation Requirements. Based upon the foregoing, all

other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection

with Confirmation of the Plan, and all evidence and arguments made, proffered or adduced at the

Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section

1129 of the Bankruptcy Code.

      GG.   Implementation. All documents and agreements necessary to implement

the Plan, and all other relevant and necessary documents, have been negotiated in good faith and

at arm's length, do not inappropriately conflict with applicable non-bankruptcy law, and shall,

upon completion of documentation and execution, be valid, binding and enforceable agreements.

      HH.   Good Faith. Based on the record before the Court in the Debtor's Chapter

11 Case, the Chapter 11 Trustee will be acting in good faith within the meaning of section

1125(e) of the Bankruptcy Code if he proceeds to (i) consummate the Plan and the agreements,

settlements, transactions, and transfers contemplated thereby, and (ii) take the actions authorized

and directed by this Confirmation Order, and shall not be liable under any applicable law, rule,

(Page 19)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

or regulation governing solicitation or acceptance or rejection of the Plan or the offer, issuance, sale, or purchase of securities.

II.    <u>Additional Findings Regarding Releases</u>. The releases provided pursuant to Article VI of the Plan (i) represent a sound exercise of business judgment; (ii) were negotiated in good faith and at arm's length; and (iii) are (a) in exchange for good and valuable consideration, (b) a good faith settlement compromise of the claims released thereby, (c) in the best interest of the Debtor and its Estate, and (d) fair, equitable, and reasonable under the circumstances of the Debtor's Chapter 11 Case.

JJ.    <u>Retention of Jurisdiction</u>. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, the Debtor's Chapter 11 Case and the Plan to the fullest extent permitted by law.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:**

**I.    General Decrees and Implementation of the Plan**

1.    <u>Adequacy of the Disclosure Statement</u>. The Disclosure Statement is hereby APPROVED on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and contains sufficient information of a kind necessary to satisfy the disclosure requirements of any applicable non-bankruptcy law, rules, and regulations.

(Page 20)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

2.      Confirmation of the Plan. The Plan and each of its provisions, including all exhibits thereto, shall be, and hereby is, CONFIRMED as set forth herein pursuant to section 1129(a) of the Bankruptcy Code. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

3.      Objections Overruled. All objections, responses, and statements and comments, if any, in opposition to or inconsistent with the Plan, other than those withdrawn with prejudice or resolved in their entirety prior to, or on the record at, the Confirmation Hearing, shall be, and hereby are, OVERRULED and DENIED in their entirety. All withdrawn objections are deemed withdrawn with prejudice.

4.      Confirmation Hearing Notice. The Chapter 11 Trustee provided good and sufficient notice of the Confirmation Hearing and the deadlines for filing and serving objections to the Plan, which notices are hereby approved.

5.      Plan Classification Controlling. Unless otherwise set forth herein, the classification of Claims and Interests for purposes of distributions under the Plan shall be governed solely by the terms of the Plan.

6.      Implementation of the Plan. The Chapter 11 Trustee is authorized but not required to (a) execute, deliver, file, and/or record such documents, contracts, instruments, releases, and other agreements necessary to implement and effectuate the Plan; (b) make any and all distributions and transfers contemplated pursuant to, and as provided for in, the Plan, and (c)

(Page 21)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

take such other actions as may be necessary to implement, effectuate, and further evidence the terms and conditions of the Plan.

7.    Settlement Agreement.  The Settlement Agreement and each of its provisions, including all exhibits thereto, shall be, and hereby is, approved as set forth herein pursuant to Bankruptcy Rule 9019. The terms of the Settlement Agreement are incorporated by reference into and are an integral part of this Confirmation Order.

8.    No Action. To the extent that, under applicable non-bankruptcy law, any action to effectuate the terms of the Plan would otherwise require the consent or approval of the Debtor, this Confirmation Order shall, pursuant to sections 1123(a)(5) and 1142 of the Bankruptcy Code, constitute the consent or approval, and such actions are deemed to have been taken by unanimous action of the Debtor.

9.    Binding Effect. From and after entry of this Confirmation Order, and subject to the occurrence of the Effective Date, except to the extent otherwise provided in the Plan or this Confirmation Order, the provisions of the Plan, as applicable, shall be binding on and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such Person or Entity, including but not limited to, all Holders of Claims and Interest of the Debtor, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor, and all other parties-in-interest in the Debtor's Chapter 11 Case.

61576/0001-41426624v2

(Page 22)

Debtor:              STEPHEN J. CONTE, JR.
Case No.             18-29278 (JKS)
Order Caption:       FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
                     APPROVING THE DISCLOSURE STATEMENT ON A FINAL
                     BASIS, AND (II) CONFIRMING THE PLAN OF
                     REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
                     BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
                     PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

10.    <u>Vesting of Interests and Assets in the Reorganized Debtor</u>. After the

Effective Date, the Reorganized Debtor shall exist as the Debtor did prior to the Debtor's

Petition Date. Upon the Effective Date, all transactions and applicable matters provided under

the Plan shall be deemed to be authorized by the Reorganized Debtor without any requirement of

further action by the Debtor or the Reorganized Debtor. Except as otherwise provided for in the

Plan or this Confirmation Order, or any other agreement, instrument, or other document

incorporated in the Plan, upon the Effective Date, all of the Debtor's assets shall immediately

vest in the Reorganized Debtor, and the Debtor's remaining assets and affairs shall be

administered and managed by the Reorganized Debtor in accordance with the Plan.

11.    <u>Cancellation of Outstanding Claims</u>. As of the Effective Date, and except

as otherwise provided for in the Plan or this Confirmation Order, and except for purposes of

evidencing a right to a distribution under the Plan or as otherwise provided for in the Plan or

herein, and except to the extent the Debtor and the Reorganized Debtor have assumed an

Executory Contract or Unexpired Lease as set forth in the Plan, all agreements and other

documents evidencing the Claims or rights of any Holders of such Claims against the Debtor,

including, but not limited to, all contracts, notes, and guarantees shall be cancelled.

12.    <u>Continuation of Existing Interests</u>. Except as otherwise provided in the

Plan, this Confirmation Order, or any agreement, instrument, or other document incorporated in

the Plan, on and after the Effective Date all Interests in the Debtor will be retained and held by

the current Interest Holder as Interests in the Reorganized Debtor.

(Page 23)

Debtor:               STEPHEN J. CONTE, JR.

Case No.            18-29278 (JKS)

Order Caption:     FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
APPROVING THE DISCLOSURE STATEMENT ON A FINAL
BASIS, AND (II) CONFIRMING THE PLAN OF
REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

## II.    Treatment of Executory Contracts and Unexpired Leases and Claim Administration

13.    <u>Approval of Plan Treatment</u>. The provisions of Article V.A of the Plan governing Executory Contracts and Unexpired Leases are hereby approved in their entirety.

14.    <u>Rejection of Executory Contracts and Unexpired Leases</u>. On the Effective Date, all Executory Contracts and Unexpired Leases not assumed by Court Order shall be deemed to be rejected.

15.    <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases</u>. Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases, if any, must be Filed with the Court on or before thirty (30) days after the Effective Date of the Plan (the "**Rejection Claim Bar Date**"). Claims arising from the rejection of an Executory Contract or Unexpired Lease not filed by the Rejection Claim Bar Date will not be considered Allowed and such person or entity shall not be treated as a creditor for purposes of distributions under the Plan. Claims arising from the rejection of the Debtor's Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims and shall be treated in accordance with Class 4 of the Plan.

16.    <u>Modifications, Amendments, Supplements, Restatements, or other Agreements</u>. Unless otherwise specified, each Executory Contract and Unexpired Lease assumed, assumed and assigned, or rejected by the Chapter 11 Trustee shall include any and all modifications, amendments, supplements, restatements, or other agreements made directly or

(Page 24)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

indirectly by any agreement, instrument, or other document that in any manner affects such Executory Contract or Unexpired Lease, including changes made during the Chapter 11 Case.

17.    <u>No Penalty Claims</u>. Unless otherwise specifically provided for in the Plan or this Confirmation Order, no Holder of any Claim will be entitled to allowance of, or to receive any payment on account of, any penalty arising with respect to or in connection with such Claim and any such penalty shall be deemed disallowed and expunged.

18.    <u>Claim Objections</u>. Except as expressly provided in the Plan or this Confirmation Order, the Chapter 11 Trustee (before the Effective Date) or the Reorganized Debtor (on or after the Effective Date), as applicable, shall have the exclusive authority to file, settle, compromise, withdraw, or litigate to judgment any objections to Claims as permitted under this Plan. Any objections to Claims shall be filed and served on or before the later of (i) one hundred eighty (180) days after the Effective Date, which date may be extended by the Reorganized Debtor upon Motion to the Court or (ii) such date as may be fixed by the Court. From and after the Effective Date, the Reorganized Debtor may settle or compromise any Disputed Claim without approval of the Court. The Reorganized Debtor reserves all rights to resolve any Disputed Claim outside the Court under applicable governing law. Any Claim that has been or is hereafter listed in the Schedules as contingent, unliquidated, or disputed, and for which no Proof of Claim is or has been Filed, is not considered Allowed and shall be expunged and not entitled to a distribution under the Plan without further action by the Chapter 11 Trustee

(Page 25)

Debtor:                STEPHEN J. CONTE, JR.
Case No.               18-29278 (JKS)
Order Caption:         FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
                       APPROVING THE DISCLOSURE STATEMENT ON A FINAL
                       BASIS, AND (II) CONFIRMING THE PLAN OF
                       REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
                       BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
                       PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

or the Reorganized Debtor and without further notice to any party or action, approval, or order of

the Court.

19.    Professional Fee Claims. Any Person asserting a Professional Fee Claim

for services rendered before the Effective Date must File and serve an application for final

allowance of such Professional Fee Claim no later than thirty (30) days after the Effective Date.

Objections to any Professional Fee Claim must be Filed and served on the requesting party no

later than fourteen (14) days from the service of an application for final allowance of a

Professional Fee Claim.

**III.    Releases and Exculpation**

29.    Approval of Release Provision. All release provisions contained in the

Plan, including, without limitation, those contained in Article VI.B of the Plan, are hereby

authorized, approved, and shall be effective and binding on all persons and entities, to the extent

expressly described in the Plan.

33.    Approval of Exculpation Provision. All exculpation provisions contained

in the Plan, including, without limitation, those contained in Article VI.B of the Plan, are hereby

authorized, approved, and shall be effective and binding on all persons and entities, to the extent

expressly described in the Plan.

**IV.    Payment of Statutory Fees**

35.    Payment of Statutory Fees and United States Trustee Reporting

Requirements. All fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code

("**Quarterly Fees**") prior to the Effective Date shall be paid by the Chapter 11 Trustee on the

61576/0001-41426624v2

Debtor:              STEPHEN J. CONTE, JR.
Case No.             18-29278 (JKS)
Order Caption:       FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
                     APPROVING THE DISCLOSURE STATEMENT ON A FINAL
                     BASIS, AND (II) CONFIRMING THE PLAN OF
                     REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
                     BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
                     PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Effective Date. On and after the Effective Date, the Reorganized Debtor shall be responsible for

(i) filing post-Confirmation quarterly reports and any pre-Confirmation monthly reports not filed

as of the Confirmation Hearing in conformity with the United States Trustee guidelines and (ii)

payment of all Quarterly Fees for the Chapter 11 Case until the entry of a final decree or until

such Chapter 11 Case is closed or dismissed.

### V.    Miscellaneous

41.    Funds Held by the Chapter 11 Trustee.  After all distributions pursuant to

the Plan have been made by the Chapter 11 Trustee, to the extent the Chapter 11 Trustee is

holding any remaining funds in his trustee account, he shall promptly disburse those funds to the

Reorganized Debtor.

42.    Statutory Attorney Lien Pursuant to N.J.S.A. § 2A:13-5. On the Effective

Date of the Plan, (i) McDonnell Crowley LLC and the Law Office of Richard J. Corbi PLLC

shall collectively have an allowed administrative expense priority claim in the amount of

$6,000.00 for making a substantial contribution to this Chapter 11 Case under Sections 503(b)(3)

and 503(b)(4) of the Bankruptcy Code, which allowed claim shall be payable from funds held by

the Chapter 11 Trustee within (3) days of the Effective Date, and (ii) the *Motion of McDonnell*

*Crowley LLC and the Law Office of Richard J. Corbi PLLC to Determine the Extent and Validity*

*of Statutory Attorney Lien Pursuant to N.J.S.A. § 2A:13-5* [Docket No. 326] is hereby denied

with prejudice.

43.    Immaterial Modifications. Without need for further order or authorization

of the Bankruptcy Code, but subject to any limitations set forth in the Plan, the Chapter 11

(Page 27)

Debtor:          STEPHEN J. CONTE, JR.
Case No.         18-29278 (JKS)
Order Caption:   FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I)
                 APPROVING THE DISCLOSURE STATEMENT ON A FINAL
                 BASIS, AND (II) CONFIRMING THE PLAN OF
                 REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE
                 BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR.
                 PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE

Trustee is authorized and empowered to make any and all modifications to any and all

documents that are necessary to effectuate the Plan that does not materially modify the terms of

such documents and are consistent with the Plan and this Confirmation Order.

44.     Effect of Confirmation on Modifications. Entry of this Confirmation Order

means that all modifications or amendments to the Plan since the filing thereof, if any, are

approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional

disclosure or solicitation under Bankruptcy Rule 3019.

45.     Documents and Instruments. Each federal, state, commonwealth, local,

foreign, or other governmental agency is hereby authorized to accept any and all documents and

instruments necessary or appropriate to effectuate, implement, or consummate the transactions

contemplated by this Plan and this Confirmation Order.

46.     Vacatur of Confirmation Order. If this Confirmation Order is vacated or

deemed vacated, then the Plan shall be deemed null and void in all respects, and nothing

contained in this Plan shall (a) constitute a waiver or release of any Claims against or Interests in

the Debtor; (b) prejudice in any manner the rights of the Holder of any Claim against or Interest

in the Debtor; (c) prejudice in any manner any right, remedy, or claim of the Debtor; or (d) be

deemed an admission against interest by the Debtor or any other Person or Entity.

47.     Retention of Jurisdiction. The Court shall retain and have jurisdiction over

any matters arising out of or related to the Debtor's Chapter 11 Case and the Plan pursuant to

sections 105(a) and 1142 of the Bankruptcy Code.

(Page 28)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

48.    <u>Conflicts</u>. To the extent that any provisions of the Disclosure Statement or any other order (other than this Confirmation Order) entered in the Debtor's Chapter 11 Case (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with the provisions of the Plan, the Confirmation Order shall govern and control except as expressly set forth herein or in the Plan.

49.    <u>Severability of Plan Provisions</u>. Each term and provision of the Plan, as it may have been amended by this Confirmation Order, is (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the Chapter 11 Trustee' consent; and (c) non-severable and mutually dependent.

50.    <u>Governing Law</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New Jersey, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction and implementation of the Plan, any agreements, documents, instruments or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control.

51.    <u>Applicable Non-Bankruptcy Law</u>. Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, and related documents or any amendment or modification thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

(Page 29)

| | |
|---|---|
| Debtor: | STEPHEN J. CONTE, JR. |
| Case No. | 18-29278 (JKS) |
| Order Caption: | FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DISCLOSURE STATEMENT ON A FINAL BASIS, AND (II) CONFIRMING THE PLAN OF REORGANIZATION OF THE CHAPTER 11 TRUSTEE OF THE BANKRUPTCY ESTATE OF STEPHEN J. CONTE, JR. PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE |

52.    <u>No Waiver</u>. The failure to specifically include or refer to any particular article, section, or provision of the Plan, or any related document, agreement, or exhibit does not impair the effectiveness of that article, section, or provision; it being the intent of the Court that the Plan and any related document, agreement, or exhibit are approved in their entirety.

53.    <u>Waiver of Stay</u>. The requirement under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of fourteen (14) days after the entry of the order is hereby waived. This Confirmation Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 3020(e), 6004(h), 6006(d), or 7062 or other applicable rule.

United States Bankruptcy Court

District of New Jersey

In re:                                                                                  Case No. 18-29278-JKS

Stephen J. Conte, Jr.                                                                   Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2                          User: admin                              Page 1 of 3

Date Rcvd: Sep 15, 2021                       Form ID: pdf903                          Total Noticed: 2

The following symbols are used throughout this certificate:

| Symbol | Definition |
|--------|------------|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 17, 2021:**

| Recip ID | | Recipient Name and Address |
|----------|---|---------------------------|
| db | | Stephen J. Conte, Jr., 395 North Farview Avenue, Paramus, NJ 07652 |
| aty | + | Norgaard O'Boyle, 184 Grand Ave, Englewood, NJ 07631-3578 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 17, 2021                     Signature:          /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 15, 2021 at the address(es) listed below:**

| Name | Email Address |
|------|---------------|
| Brian Gregory Hannon | on behalf of Debtor Stephen J. Conte  Jr. bhannon@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com |
| Cassandra C. Norgaard | on behalf of Defendant Stephen J. Conte  Jr. cnorgaard@norgaardfirm.com, sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com |
| Denise E. Carlon | on behalf of Creditor Morgan Stanley Mortgage Loan Trust 2007-1XS  U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor US Bank National Association  As Successor Trustee to Bank of America, National Association (Successor by Merger to Lasalle Bank National Association) As Trustee for Morgan Stanley Mortgage Loan Trust |

District/off: 0312-2 | User: admin | Page 2 of 3
Date Rcvd: Sep 15, 2021 | Form ID: pdf903 | Total Noticed: 2

dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Gavin Stewart
on behalf of Creditor Specialized Loan Servicing  LLC, as servicing agent for Morgan Stanley Mortgage Loan Trust
bk@stewartlegalgroup.com

Jeffrey Thomas Testa
jtesta@mccarter.com  J118@ecfcbis.com,lrestivo@mccarter.com,agreen@mccarter.com

Jerrold S. Kulback
on behalf of Debtor Stephen J. Conte  Jr. jkulback@archerlaw.com, chansen@archerlaw.com

John O'Boyle
on behalf of Attorney Norgaard  O'Boyle & Hannon joboyle@norgaardfirm.com,
sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
on behalf of Defendant Stephen J. Conte  Jr. joboyle@norgaardfirm.com,
sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
on behalf of Plaintiff Stephen J. Conte  Jr. joboyle@norgaardfirm.com,
sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
on behalf of Debtor Stephen J. Conte  Jr. joboyle@norgaardfirm.com,
sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

John O'Boyle
on behalf of Accountant Burke  Grbelja & Symeonides, LLC joboyle@norgaardfirm.com,
sferreira@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;crose@norgaardfirm.com

Joshua H. Raymond
on behalf of Creditor Allstate Insurance Company jraymond@msbnj.com

Joshua H. Raymond
on behalf of Plaintiff Allstate New Jersey Insurance Company jraymond@msbnj.com

Joshua H. Raymond
on behalf of Plaintiff Allstate Property and Casualty Insurance Company jraymond@msbnj.com

Joshua H. Raymond
on behalf of Plaintiff Allstate Insurance Company jraymond@msbnj.com

Joshua H. Raymond
on behalf of Plaintiff Allstate New Jersey Property jraymond@msbnj.com

Joshua H. Raymond
on behalf of Plaintiff Allstate Indemnity Company jraymond@msbnj.com

Michael A. Artis
on behalf of U.S. Trustee U.S. Trustee michael.a.artis@usdoj.gov

Michael S. Horn
on behalf of Debtor Stephen J. Conte  Jr. mhorn@archerlaw.com

Rebecca Ann Solarz
on behalf of Creditor Morgan Stanley Mortgage Loan Trust 2007-1XS  U.S. Bank National Association, as Trustee, successor in
interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank rsolarz@kmllawgroup.com

Richard D. Trenk
on behalf of Defendant Allstate Insurance Company and Related Entities rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law

Richard D. Trenk
on behalf of Creditor Allstate Insurance Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law

Richard D. Trenk
on behalf of Plaintiff Allstate Insurance Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law

Richard D. Trenk
on behalf of Plaintiff Allstate New Jersey Insurance Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law

Richard D. Trenk
on behalf of Plaintiff Allstate Indemnity Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law

Richard D. Trenk
on behalf of Plaintiff Allstate Property and Casualty Insurance Company rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law

Richard D. Trenk
on behalf of Plaintiff Allstate New Jersey Property rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law

Ryan T. Jareck
on behalf of Trustee Jeffrey Thomas Testa rjareck@coleschotz.com  fpisano@coleschotz.com

District/off: 0312-2                    User: admin                         Page 3 of 3
Date Rcvd: Sep 15, 2021                 Form ID: pdf903                   Total Noticed: 2

Seth L. Dobbs
                    on behalf of Debtor Stephen J. Conte  Jr. sdobbs@aboylaw.com, TJANNICELLI@ABOYOUNDOBBS.COM

U.S. Trustee
                    USTPRegion03.NE.ECF@usdoj.gov


TOTAL: 31